IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

46 GRAIN, LLC, )
 )
         Plaintiff, )
 )
v. ) Case No. CIV-17-1377-C
 )
INTEGRATED PROCESS ENGINEERS )
& CONSTRUCTORS, INC., )
 )
         Defendant. )

MEMORANDUM OPINION AND ORDER

Now before the Court is Plaintiff 46 Grain, L.L.C.'s Motion to Compel Responses to Discovery (Dkt. No. 23). Defendant ("Defendant or "IPEC") filed a Response (Dkt. No. 27) and Plaintiff filed a Reply (Dkt. No. 28). The motion is now at issue.

I. Standard

Federal district courts enjoy broad discretion over discovery measures. Rule 26 governs the scope of discovery and its proper scope encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Id. In general, relevancy should be broadly construed and proportional to the needs of the case. "When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1) or is of such marginal relevance that the potential harm occasioned by

discovery would outweigh the ordinary presumption in favor of broad disclosure." Cardenas v. Dorel Juvenile Group, Inc., 232 F.R.D. 377, 382 (D. Kan. 2005).

## II. Discussion

A. Interrogatories

### 1. Interrogatory No. 4

Plaintiff requests Defendant identify every customer that purchased an "all-in-one" AutoMalt Craft Malting System from IPEC. Defendant objected. Plaintiff argues that its request is relevant because "46 Grain believes the design of its AutoMalt is inherently flawed and not capable of producing consistent, marketable malt" and wants to compare its experience with other customers. (Pl.'s Mot., Dkt. No. 23, pp. 4-5.) Plaintiff also references Interrogatory No. 17 and states that "IPEC has only identified three" other customers who have a machine similar to Plaintiff's. (Pl.'s Mot., Dkt. No. 23, p. 5 n.1.) Defendant responded by arguing that "[t]hese interrogatories are, in substance, seeking the same information." (Def.'s Resp., Dkt. No. 27, p. 5.)

However, as Plaintiff notes, it is entitled to a verified answer from IPEC in response to its interrogatory. If indeed the answers to Interrogatories No. 4 and 17 are the same, Defendant shall so state in a proper response to Interrogatory No. 4. If the answers are not the same, Defendant shall fully respond to Interrogatory No. 4.

### 2. Interrogatory Nos. 13 and 14

Plaintiff argues that Defendant agreed to supplement its answers to Interrogatory Nos. 13 and 14 but has not yet done so. (Pl.'s Mot., Dkt. No. 23, p. 6.) Plaintiff requests that Defendant "identify which of the persons listed in response to Interrogatory No. 3 are

2

responsive to each Interrogatory No. 13 and Interrogatory No. 14." (Pl.'s Mot., Dkt. No. 23, p. 6.) Defendant argues that Plaintiff can get the information requested in Interrogatory No. 13 and 14 through its depositions and "hundreds of pages of electronic mail and text messages between IPEC employees and 46 Grain employees that depict in minute detail the substances of their numerous interactions." (Def.'s Resp., Dkt. No. 27, p. 7.) Defendant responded to Plaintiff's Interrogatories by objecting and then referring Plaintiff to Interrogatory No. 3. Here, the Court finds this information is relevant and it is entirely possible that the information Plaintiff seeks is part of Defendant's response to Interrogatory No. 3. However, the Court finds that pursuant to Rule 33(b)(3), Defendant's responses to Interrogatory Nos. 13 and 14 are inadequate and Defendant should properly respond to Plaintiff's Interrogatory Nos. 13 and 14.

### 3. Interrogatory No. 15

Interrogatory No. 15 requested information regarding Defendant's counterclaim. Plaintiff argues that Defendant should be compelled to provide facts "more specific than the cursory allegations in its actual counterclaim." (Pl.'s Mot., Dkt. No. 23, p. 8.) Defendant argues that in addition to its answer to Interrogatory No. 15, deposition testimony and additional documents "contain sufficient evidence for IPEC to prove its counter-claim and for Plaintiff to understand the nature of that proof." (Def.'s Resp., Dkt. No. 27, p. 9.) Most specifically at issue seems to be confusion about whether Plaintiff still has outstanding debts for any change orders. In this instance, this interrogatory is seeking to narrow and define the scope of issues for trial and enable Plaintiff to properly understand the proof required to rebut Defendant's counterclaim. See Fed. R. Civ. P. 33(a)(2).

Defendant's responses to Interrogatory No. 15 is inadequate and Defendant is compelled to supplement its response to Plaintiff's Interrogatory No. 15.

B. Requests for Production

At the outset of this analysis, this Court notes that Plaintiff accepts Defendant's counsel's assurance in the Response to the Motion to Compel that Defendant is not withholding documents based on a privilege or objection and nothing will be withheld on those bases without informing counsel. Counsel will be held to that assurance.

    1. Request for Production No. 8

Plaintiff requested customer service reports and all communications or correspondence regarding those reports in this request for production. Defendant objected to Plaintiff's Request for Production No. 8. Plaintiff argues that the "requested information is relevant to whether certain problems are inherent in the design of the Auto Malt . . . and potentially whether other design features have been used to correct them." (Pl.'s Mot., Dkt. No. 23, pp. 10-11.) Defendant acknowledges that "several hours before" Plaintiff filed its Motion to Compel, "IPEC produced documents numbered IPEC 8760 to IPEC 8783." (Def.'s Mot., Dkt. No. 27, p. 11.) Plaintiff argues that this production does not entirely comply with its request and Defendant should "produce emails and reports with other customers who have purchased an AutoMalt regarding those customers' start-up issues or complaints." (Pl.'s Reply, Dkt. No. 28, p. 7.) At issue is the relevance of the reports in this request for production. Here, Defendant has questioned the relevancy of Plaintiff's request and characterizes Plaintiff's request and claim as a "failure to adequately plan for a malting operating by employing unqualified maltsters." (Def. Resp., Dkt. No.

27, p. 12.)

Plaintiff's request for production relies on its claim that there were "inherent flaws in the design of AutoMalts IPEC sold to 46 Grain." (Pl.'s Reply, Dkt. No. 28, p. 6.) Plaintiff is alleging that the "germination/kilning vessel and the auger system it utilizes to turn grain did not follow accepted industry design norms and are therefore not capable of making consistent, marketable malt at full capacity." (Pl.'s Reply, Dkt. No. 28, p. 6.) The information Plaintiff is requesting is not subject to any privilege and appears within the scope of relevance. Thus, Defendant must fully respond to Plaintiff's Request for Production No. 8.

  2. Request for Production No. 15

Plaintiff requested the as-built drawings for other units that Defendant identified in its answer to Interrogatory No. 6. Defendant responded by stating that this request was not relevant. In its Response, Defendant states that there are four similar malting systems to the AutoMalt at issue and "all four systems function in the same way with the same agitation system and essentially the same kiln." (Def.'s Resp., Dkt. No. 27, p. 13.) Defendant produced some of the requested drawings for Plaintiff before Plaintiff filed its Motion to Compel. Defendant also goes on to state that "IPEC is in the process of Bates-Numbering the 'as built' drawings for the malting systems at Bently Ranch and Makers Malt." (Def.'s Resp., Dkt. No. 27, pp. 13-14.) Defendant is compelled to respond to Plaintiff's Request for Production No. 15.

  3. Request for Production No. 16.

Plaintiff requests documents relating to testing the full-scale AutoMalt prototype

IPEC performed. Defendant objects and states the information sought is not relevant because "[t]hese tests on a prototype system have nothing to do with the operation of the AutoMalt purchased by 46 Grain or any other company." (Def.'s Resp., Dkt. No. 27, p. 14.) However, throughout its Motion and Reply, Plaintiff has alleged it "experienced problems with each of those issues, particularly grain bed height and rootlet growth." (Pl.'s Reply, Dkt. No. 28, p. 9.) This Court finds the prototype tests relevant and discoverable. Defendant is compelled to respond to Plaintiff's Request for Production No. 16.

C. Expenses and Attorney's Fees

Pursuant to Fed. R. Civ. P. 37(a)(5)(A), this Court finds that Plaintiff attempted to obtain the discovery without Court action, However, the Court finds that Defendant's Objections were substantially justified. Accordingly, all parties will be responsible for their own fees and costs associated with making this motion.

## CONCLUSION

For the reasons stated above, Plaintiff 46 Grain, L.L.C.'s Motion to Compel Responses to Discovery (Dkt. No. 23) is GRANTED in part and DENIED in part. Defendant shall respond to all Interrogatories to provide their factual responses and respond to all Requests for Production within 20 days of the date of this Order.

IT IS SO ORDERED this 7th day of August, 2018.

ROBIN J. CAUTHRON
United States District Judge